# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

UNITED STATES OF AMERICA,       )
                                )
Plaintiff/Respondent,           )
                                )
vs.                             )   NO. 2:09-CR-79
                                )        (2:16-CV-273)
DELTA WILDER,                   )
                                )
Defendant/Petitioner.           )

## <u>OPINION AND ORDER</u>

This matter is before the Court on the Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, filed by Delta Wilder on June 24, 2016 (DE #359). For the reasons set forth below, the motion is **DENIED.**

<u>BACKGROUND</u>

On August 7, 2009, Delta Wilder ("Wilder") was charged in a superseding indictment with aggravated bank robbery in violation of 18 U.S.C. § 2113(d)(Count Two), two counts of bank robbery in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2 (Counts Three and Five), and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Six). He pled guilty to Count Two (aggravated bank robbery) and Count Six (brandishing a firearm during a crime of violence). He was sentenced to 24 months of incarceration on Count Two and 84 months of incarceration on Count Six, to be served consecutively. Wilder

did not file a direct appeal.

Wilder filed the instant motion pursuant to *Johnson v. United States*, ___ U.S. ____, 135 S. Ct. 2551 (June 26, 2015). The Government filed its response brief on July 22, 2016. Wilder filed a reply brief on August 25, 2016. Accordingly, the motion is ripe for adjudication.

DISCUSSION

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.; Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3)

> constitutional issues that were not raised on
> direct appeal, unless the section 2255
> petitioner demonstrates cause for the
> procedural default as well as actual prejudice
> from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating

"cause" and "prejudice" from the failure to raise constitutional

errors on direct appeal, a section 2255 petitioner may

alternatively pursue such errors after demonstrating that the

district court's refusal to consider the claims would lead to a

fundamental miscarriage of justice. *McCleese v. United States*, 75

F.3d 1174, 1177 (7th Cir. 1996).

In *Johnson*, the Supreme Court of the United States analyzed

whether the residual clause of the Armed Career Criminal Act

("ACCA") is void for vagueness. *Johnson v. United States*, 135 S.

Ct. 2551 (2015). As Justice Scalia noted:

> Under the Armed Career Criminal Act of 1984, a
> defendant convicted of being a felon in
> possession of a firearm faces more severe
> punishment if he has three or more previous
> convictions for a "violent felony," a term
> defined to include any felony that "involves
> conduct that presents a serious potential risk
> of physical injury to another." 18 U.S.C.
> §924(e)(2)(B). We must decide whether this
> part of the definition of a violent felony
> survives the Constitution's prohibition of
> vague criminal laws.

*Id.* at 2555. Ultimately, the Supreme Court held that "imposing an

increased sentence under the residual clause of the Armed Career

Criminal Act violates the Constitution's guarantee of due process."

*Id.* at 2563. It therefore overruled its prior decision in *Sykes v.*

*United States*, 131 S. Ct. 2267 (2011), and held that the residual clause of the definition of violent felony in the ACCA was unconstitutionally vague. *Johnson,* 135 S. Ct. at 2563. The *Johnson* decision is retroactive on both direct appeal and collateral review. *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015).

The ACCA applies when a defendant has three convictions that constitute a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). Wilder was not sentenced under the ACCA. Rather, he was sentenced under 18 U.S.C. 924(c), a provision that defines "crime of violence" similarly to the definition of "violent felony" found in the ACCA. At the time the parties briefed the instant motion, the Seventh Circuit Court of Appeals had not determined whether the holding in *Johnson* extended to the definition of "crime of violence" found in 18 U.S.C. § 924(c). The Seventh Circuit has since determined that *Johnson's* holding does extend to 18 U.S.C. § 924(c). *See United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2017)("Accordingly, we hold that the residual clause in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague.").

Unfortunately for Wilder, he still cannot benefit from the Court's holding in *Johnson*. The superceding indictment charged Wilder with brandishing a firearm during the aggravated bank robbery set forth in Count Two of the superseding indictment.

Count Two charged him with aggravated bank robbery in violation of 18 U.S.C. § 2113(d). In a decision issued after *Johnson*, the Seventh Circuit Court of Appeals has held that:

> [F]or the same reasons that robbery by intimidation under § 2113(a) qualifies as a crime of violence under § 924(c), so does robbery by assault by a dangerous weapon or device under § 2113(d). The victim's fear of bodily harm is necessarily fear of violent physical force that is inherent in armed bank robbery. For these reasons, robbery by intimidation under § 2113(a) and robbery by assault by a dangerous weapon or device under § 2113(d) have as an element the use, attempted use, or threatened use of physical force against the person or proerty of another and thus qualify as crimes of violence under § 924(c).

*United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016).

In other words, the crime of violence that served as the basis for Wilder's conviction does not implicate the residual provision of 924(c). Since *Johnson* is inapplicable to Wilder, it does not permit him to bring a motion under section 2255 that would otherwise be untimely. *See Stanley v. United States*, 827 F.3d 562, (7th Cir. 2016)(When a defendant's "conviction is unaffected by *Johnson*, 2255(f)(3) does not grant [the defendant] a fresh window to file a collateral attack.").

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (U.S. 2000) (internal quotation marks and citation omitted). Wilder has not stated any grounds for relief under section 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

CONCLUSION

For the reasons set forth above, the Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (DE #359 is **DENIED.** The Clerk is **ORDERED** to **DISMISS** this civil action **WITH PREJUDICE**. Additionally, the Court **DECLINES** to issue a certificate of appealability. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Inmate Reg. No. 10296-027), Lee USP - US Penitentiary - Inmate Mail/Parcels, P.C. Box 305, Jonesville, VA 24263, or to such other more current address that may be on file for the Wilder.

DATED: August 4, 2017          /s/ RUDY LOZANO, Judge
                               United States District Court